# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Riki L. Koehler, | No. CV 09-1599-PHX-JAT (JRI) |
| Plaintiff, | **ORDER** |
| vs. |  |
| Charles L. Ryan, et al., |  |
| Defendants. |  |

Plaintiff Riki L. Koehler, who is confined in the Arizona State Prison Complex in Goodyear, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court dismissed the Application to Proceed with leave to re-file. On October 1, 2009, Plaintiff filed a new Application to Proceed. By Order filed November 18, 2009, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend. On January 22, 2010, the Court granted Plaintiff an extension of time to file an amended complaint. On February 22, 2010, Plaintiff filed a First Amended Complaint (Doc. #12). The Court will order Defendants Schroeder and Ryan to answer Counts V, VI, and VII of the Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. Amended Complaint

Plaintiff names the following Defendants in the Amended Complaint: Arizona Department of Corrections (ADOC) Director Charles L. Ryan; former ADOC Director Dora Schriro; Warden Schroeder; Sergeant Robles; and Sergeant Couture.

Plaintiff raises seven grounds for relief in the Amended Complaint:

(1) Plaintiff's Eighth Amendment rights were violated when Defendant Robles failed to enforce no-smoking policies and Plaintiff was assaulted;

(2) Plaintiff's Eighth Amendment rights were violated when Defendant Couture

| | |
|---|---|
| 1 | failed to enforce no-smoking policies and Plaintiff was assaulted; |
| 2 | (3) Plaintiff's Eighth Amendment rights were violated when Defendant Courture placed Plaintiff in CDU for ten days even though he knew Plaintiff had previously suffered mental illness; |
| 5 | (4) Plaintiff's Eighth Amendment rights were violated when Defendant Schriro implemented policies that were detrimental to security; |
| 7 | (5) Plaintiff's Eighth Amendment rights were violated when Defendant Schroeder implemented a policy of understaffing that resulted in increased violence and assaults, and resulted in a threat to Plaintiff's safety; |
| 10 | (6) Plaintiff's Eighth Amendment rights were violated by Defendant Schroeder's policy of failing to protect inmates from second-hand smoke; and |
| 12 | (7) Plaintiff's Eighth Amendment rights were violated when Defendant Ryan implemented policies that allowed inmates more movement, even though he was aware of security risks, and Plaintiff's safety was threatened. |

Plaintiff seeks injunctive relief and money damages.

### III. Failure to State a Claim

#### A. Count I and II

In Counts I and II, Plaintiff alleges that Defendants failed to enforce no-smoking policies and that Plaintiff was therefore forced to confront other inmates on her own and was assaulted by other inmates.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not alleges facts that connect Defendants' actions with her injuries. Plaintiff claims that Defendants failed or refused to enforce no-smoking polices. Plaintiff has not alleged that she sustained injuries related to exposure to second hand smoke; rather she states that she took actions that resulted in her being assaulted by other inmates and sustained injuries to her ribs, eye, lip, and hands. Because Plaintiff has failed to link her injuries to

1  Defendants' conduct, she has failed to state a claim in Counts I and II and the Court will
2  dismiss these claims.

### B. Counts III

In Count III, Plaintiff claims that Defendant Courture sent her to "CDU" and "subjected [her] to 10 days of hellish and cruel conditions of confinement that posed a very serious threat of serious harm to [her] mental health and welfare."

Although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d 266 (9th Cir. 1982); <u>Rhodes v. Robinson</u>, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. <u>Ivey</u>, 673 F.2d at 268.

In Count III, Plaintiff has not described any of the conditions in CDU which she alleges violated her Eighth Amendment rights. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S. Ct. at 1949. Plaintiff's conclusory statements, that the conditions in CDU where "hellish" and "cruel," without a specific description of the conditions, are not sufficient to support a claim for relief and the Court will therefore dismiss Count III.

### C. Count IV

In Count IV, Plaintiff claims that Defendant Schriro implemented "unsafe, detrimental policies-parallel universe, etc, [that] directly resulted in the destruction and undermining of the whole infrastructure of security at Perryville Prison as it was known!" As with Plaintiff's claims in Count III, these allegations are too vague and conclusory to state a claim for relief. Plaintiff has not described specific policies set in place by Defendant Schriro, nor has she described how those policies resulted in decreased security or threatened her safety. The Court will dismiss Count IV for failure to state a claim.

### IV. Claims for Which an Answer Will be Required

In Count V, Plaintiff claims that Defendant Schroeder implemented a policy of

understaffing that provided one officer for 292 inmates and that this policy created "very unsafe, hostile, dangerous conditions." Plaintiff alleges that because of the unsafe conditions, she was subjected to harassment and an attempted violent assault. In Count VII, Plaintiff claims that Defendant Ryan implemented a policy of allowing inmates "to hang out on the runs" and that the policy "exacerbated the already existing deplorable conditions [and] pos[ed] a serious risk of harm to [Plaintiff]." Plaintiff alleges that as a result of the policy, she was the victim of harassment and attempted assault. Liberally construed, these allegations adequately state Eighth Amendment failure-to-protect claims and the Court will require Defendants Schroeder and Ryan to answer Counts V and VII.

In Count VI, Plaintiff claims that Defendant Schroeder failed to protect Plaintiff from excessive exposure to second-hand smoke by failing to enforce no-smoking areas. With respect to second-hand smoke claims, a prisoner must show that the level of exposure to environmental tobacco smoke has unreasonably endangered the prisoner's health, "that it is contrary to current standards of decency for anyone to be so exposed against his [or her] will," and that "prison officials are deliberately indifferent to [the prisoner's] plight." Helling v. McKinney, 509 U.S. 25, 35-36 (1993). Plaintiff claims that she is constantly subjected to second-hand smoke, including exposure in her cell, and that she grieved the issue on numerous occasions to Defendant Schroeder. Liberally construed, Plaintiff's adequately states a claim in Count VI, and the Court will require Defendant Schroeder to answer Count VI.

**V.     Warnings**

   **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of her release. Also, within 30 days of her release, she must either (1) notify the Court that she intends to pay the balance or (2) show good cause, in writing, why she cannot. Failure to comply may result in dismissal of this action.

   **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule

1  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
2  relief with a notice of change of address.  Failure to comply may result in dismissal of this
3  action.

**C.   Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that she files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Counts I, II, III, and IV of the Amended Complaint and Defendants Schriro, Robles, and Courture are **dismissed** without prejudice.

(2)   Defendants Schroeder and Ryan must answer Counts V, VI, and VII of the Amended Complaint.

(3)   The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #12), this Order, and both summons and request for waiver forms for Defendants Schroeder and Ryan.

(4)   Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)   If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later,

the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(6) The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendants Schroeder and Ryan must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable

1 | provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

2 |     (10) Any answer or response must state the specific Defendant by name on whose
3 | behalf it is filed. The Court may strike any answer, response, or other motion or paper that
4 | does not identify the specific Defendant by name on whose behalf it is filed.

5 |     (11) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1
6 | and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
7 | under 28 U.S.C. § 636(b)(1).

8 | DATED this 22nd day of March, 2010.

*[signature]*
James A. Teilborg
United States District Judge